UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL TRAN, on behalf of himself and
others similarly situated

    Plaintiff,

vs.                                                Case No.:

NOMAD GROUP LLC, a Florida Limited
Liability Company, CRISTINA CHANQUIN,
Individually, and SERGIO CHANQUIN,
Individually,

    Defendants.                 /

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL TRAN, on behalf of himself and others similarly situated, by and through the undersigned attorney, sues the Defendants, NOMAD GROUP LLC ("NGP"), CRISTINA CHANQUIN ("Cristina"), Individually, and SERGIO CHANQUIN ("Sergio"), Individually, (collectively "Defendants") for failing to pay complete overtime wages for every hour worked, pursuant to 29 U.S.C. 216(b) (FLSA).

## INTRODUCTION

This is an action for unpaid overtime wages. Plaintiff and his fellow Sushi Preparers have been systemically denied overtime wages to which they were entitled by law and now seek to hold Defendants' accountable. This was not an innocent mistake or oversight. In some instances, Defendants refused to pay Plaintiff overtime when his paystubs showed he worked more than forty (40) hours in a workweek. When Plaintiff complained to Defendants, his efforts were futile and ultimately led to his unlawful separation. Defendants willfully violated the FLSA by denying Plaintiff and others similarly situated overtime wages. Defendants knew exactly

what they were doing. Under no plausible interpretation of the FLSA were Plaintiff and his fellow Sushi Preparers not entitled to overtime. Discovery in this case will reveal Defendants systematically denied Plaintiff and his fellow Sushi Preparers overtime wages required by the FLSA, willfully and maliciously circumventing the statute. For Defendants' violations, Plaintiff and his fellow Sushi Preparers now seek redress including unpaid overtime wages, liquidated damages, and attorneys' fees and costs.

## JURISDICTION

1. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331 as these claims arise under 29 U.S.C. §216(b).

2. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to recover unpaid back wages, an additional and equal amount of liquidated damages, and reasonable attorneys' fees and costs.

3. Venue is proper in this Court because the Plaintiff resides within the District and Defendant maintains business operations within the District.

## PARTIES

4. At all times material hereto, Plaintiff was, and continues to be, a resident of Hillsborough County, Florida.

5. At all times material hereto, Defendant NGP was, and continues to be, engaged in business in Florida, doing business in Hillsborough County.

6. Based on information and belief, at all times material hereto, Defendant Cristina was an individual resident of Hillsborough County, Florida.

7. Based on information and belief, at all times material hereto, Defendant Sergio was

an individual resident of Hillsborough County, Florida.

8. At all times material hereto, Cristina and Sergio co-operated and co-managed NGP.

9. At all times material hereto, Cristina and Sergio regularly exercised the authority to: (a) hire and fire employees of NGP; (b) determine the work schedules for the employees of NGP; and (c) control the finances and operations of NGP.

10. By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of NGP; (b) determine the work schedules for the employees of NGP; and (c) control the finances and operations of NGP, Cristina and Sergio are employers as defined by 29 U.S.C. 201 *et. seq*.

11. Further, at all times material hereto, Cristina and Sergio were managers for NGP, acting in NGP's interest in directing the work of Plaintiff and those similarly situated.

12. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

13. At all times material hereto, Defendants were "employers" within the meaning of the FLSA.

14. At all times material hereto, Defendant NGP was, and continues to be, an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

15. Defendants' employees ran credit card transactions which transacted business in interstate commerce on a daily basis.

16. Defendants' employees handled goods such as food, napkins, silverware, appliances, and restaurant equipment which had traveled in interstate commerce.

17. Based upon information and belief, the annual gross revenue of Defendant NGP is in

excess of $500,000.00 per annum during the relevant time periods.

18. At all times material hereto, the work performed by Plaintiff and those similarly situated were directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

19. NGP is a sushi restaurant in Tampa, FL.

20. On or around October 1, 2018, Defendants hired Plaintiff to work as a non-exempt "Sushi Preparer."

21. Plaintiff did a specific job, i.e., prepare food, clean the kitchen and restaurant, which was/is an integral part of the business of Defendant NGP.

22. In several workweeks within the two years preceding the filing of this Complaint, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

23. To the extent he was compensated for his hours, which amounts did not include overtime premiums, Defendants paid Plaintiff bi-weekly.

24. From approximately May 2019 and continuing through April 2020, Plaintiff regularly worked over forty (40) hours in a workweek.

25. Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

26. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of (40) hours per week as required by the FLSA.

27. Defendants have violated Title 29 U.S.C. §207 from at least May 2019 and continuing through at least April 2020, in that:

    a. Plaintiff worked in excess of forty (40) hours in one or more weeks for the

      period of his employment with Defendants;

   b. No *good faith* payments, and/or *complete* provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek as provided by the FLSA.

28. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendants knew, or reasonably should have known, that Plaintiff was owed overtime compensation.

29. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA. Specifically, they improperly placed the onus solely on Plaintiff when Defendants were/should have been in possession of Plaintiff's complete pay records.

30. To the extent Defendants maintain they engaged in any efforts to properly compensate Plaintiff, they offered Plaintiff substantially below what he is entitled to including improper excuses as to why he wasn't entitled to any relief at all.

31. Plaintiff repeatedly complained to Defendants he was not being paid overtime and it was improper for him to work unpaid overtime. In addition to other excuses, Defendants maintained they had "separate businesses," in an attempt to improperly circumvent the FLSA and deny Plaintiff his overtime entitlement.

32. Shortly after informing Defendants of the unpaid overtime, Plaintiff's hours were cut from full-time to part-time.

33. On or around April 2020, within weeks of Plaintiff complaining about not being paid complete overtime wages, Plaintiff was constructively discharged. Plaintiff's attempts to collect his unpaid wages were futile. Plaintiff could not earn a living wage working part-time.

34. Upon information and belief, records concerning the number of hours worked and amounts paid to Plaintiff, to the extent they have not been purged or manipulated by Defendants, are in Defendants' sole possession.

## 216(b) COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff asserts his Count I claim under the FLSA, pursuant to 29 § 216(b), on behalf of himself and on behalf of all other similarly situated employees currently and formerly employed by Defendants.

36. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the following class:

> **216(b) Class: All current and former Sushi Preparers of Defendants who were not compensated complete overtime wages for those hours worked in excess of forty (40) hours within a work week.**

37. All potential 216(b) Class members are similarly situated because, among other things, they were all employees of Defendants and, upon information and belief, all suffered from the same policies of Defendants; simply put, they were not paid complete overtime wages as required under the FLSA.

## CLAIMS FOR RELIEF

### COUNT I:
### BREACH OF THE FAIR LABOR STANDARDS ACT
### (FLSA) 29 U.S.C. §§ 201 *et seq.*
### RECOVERY OF OVERTIME COMPENSATION

38. Plaintiff reincorporates and readopts all allegations contained within Paragraph 19-30 above.

39. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

40. During his employment with Defendants, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for the same.

41. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages and is incurring reasonable attorneys' fees and costs.

42. Defendants attempted to circumvent the FLSA's overtime requirements by maintaining they had "separate businesses."

43. Defendants were aware Plaintiff performed non-exempt job duties but still refused to pay Plaintiff complete overtime for hours worked over forty (40).

44. Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

45. Defendants failed to post required FLSA informational listings as required by the FLSA.

46. Defendants' conduct was willful and in reckless disregard of the overtime requirements of the FLSA.

47. Defendants willfully violated the FLSA.

48. Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for unpaid overtime compensation, an additional and equal amount of liquidated damages or if liquidated damages are not awarded then pre and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II:
## BREACH OF THE FAIR LABOR STANDARDS ACT
## (FLSA) 29 U.S.C. §§ 201 *et seq.*
## UNLAWFUL RETALIATION

49. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 29-33 above.

50. Plaintiff engaged in statutory protected activity under the FLSA.

51. Plaintiff has suffered an adverse action by Defendants. Specifically, Plaintiff has been forced to retain the undersigned and incur expense after his unlawful separation for inquiring about unpaid wages.

52. If Plaintiff had not exercised his rights under the FLSA, Plaintiff's hours would not have been cut and Plaintiff would still be employed full-time.

53. Plaintiff was constructively discharged in retaliation for exercising his federally protected rights. After his hours were cut, he was no longer earning a living wage.

54. Defendants cut Plaintiff's hours to discourage and penalize Plaintiff for exercising his federally protected rights.

55. Defendants discriminated against Plaintiff because he exercised his federally protected rights.

WHEREFORE, Plaintiff demands economic damages, liquidated damages, compensatory damages, reasonable attorneys' fees and costs incurred in this action, and all further relief this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 20th day of August, 2020.

        **MORGAN & MORGAN, P.A.**

        */s/ George G. Triantis*
        **George G. Triantis, Esq.**
        Fla. Bar No. 1015574
        **Marc R. Edelman, Esq.**
        Fla. Bar No. 0096342
        **MORGAN & MORGAN, P.A.**
        201 North Franklin Street, Suite 700
        Tampa, FL 33602
        Telephone: 813-223-5505
        Fax:  813-257-0572
        Email: MEdelman@forthepeople.com
        Email: GTriantis@forthepeople.com
        *Attorneys for Plaintiff*