UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL TRAN,

    Plaintiff,

v.                                           Case No: 8:20-cv-1945-CEH-SPF

NOMAD GROUP LLC, CRISTINA
CHANQUIN and SERGIO
CHANQUIN,

    Defendants.
_____/

**ORDER**

This matter comes before the Court on the Defendants' Motion for Summary Judgment (Doc. 27), filed on March 26, 2021. In the motion, Defendants state that they are entitled to summary judgment on Plaintiff's claims because Defendants have already satisfied the overtime amount demanded and Plaintiff cannot establish that Defendants engaged in any unlawful retaliation. Plaintiff opposes the motion arguing it is premature (Doc. 32). Also pending is Plaintiff's Motion for Leave to File his Amended Complaint (Doc. 30) and Plaintiff's "Opposed Fed. R. Civ. P. 56(d) Motion for Deferment of Response to, and Ruling upon, Defendants' Motion for Summary Judgment" (Doc. 31). The Court, having considered the motions and being fully advised in the premises, will grant Plaintiff leave to amend his complaint, deny Defendants' Motion for Summary Judgment as moot, and deny Plaintiff's motion to defer ruling on the pending summary judgment motion as moot.

## DISCUSSION

Plaintiff, Michael Tran, initiated this action by the filing of a two-count complaint seeking damages against Defendants, his former employers, for breach of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), for recovery of unpaid overtime compensation (Count I) and unlawful retaliation for engaging in statutorily protected activity under the FLSA. Doc. 1. On March 19, 2021, the Court entered a Case Management Scheduling Order ("CMSO") (Doc. 24). The CMSO set a discovery deadline of October 8, 2021 and a dispositive motion deadline of November 5, 2021. The deadline to amend pleadings is May 14, 2021. One week after entry of the CMSO, Defendants filed their motion for summary judgment (Doc. 27). On April 7, 2021, Plaintiff filed a motion seeking leave to amend, which is opposed. Doc. 30.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." And "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). This is Plaintiff's first request to amend. The case is in the early stages of discovery. The deadline for

amending pleadings has not expired. Rule 15 dictates that leave to amend should be freely given. Accordingly, Plaintiff's Motion to Amend is due to be granted.[1]

As Defendants' dispositive motion (Doc. 27) is predicated on the original complaint, the motion is due to be denied as the amended complaint, once filed, will be the operative complaint. Notwithstanding, a dispositive motion at this juncture in the proceedings is premature. *See Snook v. Trust Co. of Ga. Bank*, 859 F.2d 865, 870 (11th Cir. 1988) (district court should not grant summary judgment until the non-movant "has had an adequate opportunity for discovery"); *see also McCallum v. City of Athens*, 976 F.2d 649, 650 n.1 (11th Cir. 1992) (noting that a party may move for summary judgment only after exchanging "appropriate" discovery). Since the CMSO was entered only a month ago, the Plaintiff has not been afforded the opportunity to fully engage in discovery as permitted by the Federal and Local Rules. Indeed, "[t]he whole purpose of discovery in a case in which a motion for summary judgment is filed is to give the opposing party an opportunity to discover as many facts as are available and he considers essential to enable him to determine whether he can honestly file opposing affidavits." *Blumel v. Mylander*, 919 F. Supp. 423, 428 (M.D. Fla. 1996) (quoting *Parrish v. Bd. of Comm'r of the Ala. State Bar*, 533 F.2d 942, 948 (5th Cir. 1976)).

Accordingly, it is hereby

---

[1] Defendants have not yet filed their response to the Plaintiff's motion for leave to amend, but Plaintiff's motion indicates Defendants oppose the motion. Given that this is Plaintiff's first requested amendment, the case is in the early stages of discovery, and Rule 15's liberal amendment policy, the Court does not need a response from Defendants in order to rule on the motion to amend.

**ORDERED**:

1. Plaintiff's Motion for Leave to File his Amended Complaint (Doc. 30) is **GRANTED**.

2. Plaintiff shall file his Amended Complaint as a separate docket entry within **SEVEN (7) DAYS** of the date of this Order.

3. Defendants' Motion for Summary Judgment (Doc. 27) is **DENIED as moot**. Additionally, it was filed prematurely.

4. Plaintiff's Opposed Fed. R. Civ. P. 56(d) Motion for Deferment of Response to, and Ruling upon, Defendants' Motion for Summary Judgment (Doc. 31) is **DENIED as moot**.

**DONE AND ORDERED** in Tampa, Florida on April 19, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any