UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL TRAN,

    Plaintiff,

v.                                                                 Case No: 8:20-cv-1945-CEH-SPF

NOMAD GROUP LLC, CRISTINA
CHANQUIN and SERGIO
CHANQUIN,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court on the Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 38) and Plaintiff's response in opposition (Doc. 39). In this FLSA case, Defendants move to dismiss the Plaintiff's Amended Complaint arguing the Court lacks jurisdiction over Count I because the unpaid wages claim has been paid in full and that Count II fails to state a claim. Plaintiff responds that he has not been afforded full relief as to his unpaid wages claim and that he has stated a *prima facie* retaliation claim. Also pending is Defendants' Amended Motion to Withdraw Notice of Settlement (Doc. 51) and Defendants' Motion for Sanctions (Doc. 52), to which Plaintiff responds in opposition (Docs. 53, 58). Plaintiff has filed an Opposed Motion to Enforce Settlement of Count I Only (Doc. 54), to which Defendants responded (Doc. 63). A hearing on the pending motions was held on December 7, 2021. The Court, having considered the motions, heard argument of

counsel, and being otherwise advised in the premises, will deny the motion to dismiss, grant the motion to withdraw the notice of settlement, deny the motion for sanctions, and deny Plaintiff's motion to enforce settlement.

## DISCUSSION

Defendants moved to dismiss Count I of Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(1) arguing the Court lacks jurisdiction to consider Plaintiff's unpaid wage claim because Defendants have already paid the Defendant his claimed unpaid wages. A facial attack on subject matter jurisdiction under Rule 12(b)(1) "requires [] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (citations omitted). In assessing a motion to dismiss pursuant to Rule12(b)(1) the Court affords Plaintiff the same safeguards as those provided in opposing a Rule 12(b)(6) motion, it considers all allegations of the complaint as true and is confined to the four corners of the complaint. *Id*. As discussed at the hearing, the issue of attorney's fees is still unresolved and Plaintiff, if successful, is entitled to a judgment in his favor. Thus, the Court finds that Count I is not moot, the Court has subject matter jurisdiction as to Count I, and the motion to dismiss is due to be denied.

Defendants move to dismiss the retaliation claim in Count II under Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P.

2

8(a)(2)).  Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient.  *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Furthermore, mere naked assertions are not sufficient.  *Id*.  A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face."  *Id*. (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted).  The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint.  *Id*.

To state a cause of action for FLSA retaliation, a plaintiff must allege: (1) he engaged in a statutorily protected activity; (2) he subsequently suffered adverse action by his employer; and (3) a causal connection existed between the employee's activity and the adverse action. *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir. 2000) (citations omitted). Review of the allegations in Count II reveal that Plaintiff has adequately alleged a claim for FLSA retaliation (Doc. 35 at 10–11), and the motion to dismiss Count II for failing to state a claim is due to be denied.

On September 13, 2021, the parties filed a joint notice of settlement as to Count I. Doc. 48. Thereafter, Defendants moved to withdraw the notice of settlement (Doc. 51) and Plaintiff move to enforce the settlement of Count I (Doc. 54). As discussed at the hearing, a "Notice of Settlement" filed with the Court alerts the Court that the parties have reach an agreement but is not a settlement agreement itself. Based on argument of counsel and the record before it, the Court cannot say there has been a

meeting of the minds as to the settlement of Count I. Thus, the motion to withdraw the notice of settlement (Doc. 51) will be granted and Plaintiff's motion to enforce settlement (Doc. 54) will be denied. To the extent the parties can reach agreement as to the essential terms of settlement of Count I or the entire case, the parties shall file a notice advising the Court of such within 14 days. Additionally, the parties are directed to advise the Court within 7 days whether they agree to a second settlement conference with Magistrate Judge Sansone.

As for Defendants' motion for Rule 11 sanctions, the Court will deny the motion. "Rule 11 sanctions are proper '(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose.'" *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995) (quoting *Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1506 (11th Cir. 1993)). None of those reasons apply to this case, and therefore the motion for sanctions is due to be denied.

For the reasons stated above and as discussed more thoroughly at the hearing, it is hereby

**ORDERED**:

1. Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 38) is **DENIED**.

2. Defendants are directed to file an Answer to the Amended Complaint within the time provided by the Federal Rules of Civil Procedure.

3. Defendants' Amended Motion to Withdraw Joint Notice of Settlement (Doc. 51) is **GRANTED**. The Joint Notice of Settlement of Count I Only (Doc. 48) is **WITHDRAWN**.

4. To the extent the parties reach a settlement agreement regarding Count I, the parties should submit a joint notice within 14 days.

5. Within 7 days, the parties shall file a notice with the Court advising whether they are amenable to a second settlement conference with Magistrate Judge Sansone.

6. Defendants' Motion for Sanctions Under Rule 11 (Doc. 52) is **DENIED**.

7. Plaintiff's Opposed Motion to Enforce Settlement of Count I Only (Doc. 54) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on December 7, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any