UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL TRAN, on behalf of himself and others similarly situated,

Plaintiff,

v. Case No. 8:20-cv-1945-CEH-SPF

NOMAD GROUP LLC, a Florida Limited Liability Company, CRISTINA CHANQUIN, individually, and SERGIO CHANQUIN, individually,

Defendants.
_______________________________________/

**REPORT AND RECOMMENDATION**

Plaintiff, a sushi chef formerly employed by Defendant Nomad Group, LLC ("NGP"), filed this Fair Labor Standards Act ("FLSA") case against NGP and its managers, Cristina and Sergio Chanquin, alleging failure to pay overtime (Count I) and unlawful retaliation (Count II) (*see* Doc. 35). The district judge granted summary judgment for Plaintiff and against Defendant as to Count I for $2,147.55 plus reasonable attorneys' fees and costs (Doc. 106). The district judge granted summary judgment for Defendant and against Plaintiff as to Count II (*Id.*). The Clerk entered judgment and closed the case (Docs. 107, 108).

Plaintiff now moves for $62,557.50 in attorneys' fees and $1,737.60 in costs (for a total of $64,295.10) against Defendants and attaches the declarations of his counsel at Morgan & Morgan, P.A., Marc Edelman ("Attorney Edelman") and George Triantis ("Attorney Triantis"), and their billing records and invoices (Doc. 111). Defendants argue the Court should reduce the award because Plaintiff seeks fees for work related to both the unpaid overtime count and the retaliation count (Doc. 113). Defendants also challenge the

reasonableness of the hourly rate and the number of hours expended (*Id.*). Upon consideration of the parties' arguments, the invoices attached to Plaintiff's motion, and the record, the Court recommends that Plaintiff's motion be granted in part and denied in part.

**I. Background**

The parties' attorneys' fees quickly outpaced Plaintiff's bite-sized claim. In June 2020, Morgan & Morgan sent Defendants an FLSA demand letter on Plaintiff's behalf (Doc. 52-1). A month later, Plaintiff's counsel emailed them a spreadsheet calculating Plaintiff's unpaid overtime and liquidated damages at $2,147.55. (Doc. 92 at ¶ 6, citing Doc. 58-2). This email stated, "after reviewing documentation provided by my client, it is clear he was also retaliated against for inquiring about his unpaid wages resulting in his unlawful separation with Sushi House," and Plaintiff's counsel demanded $15,000 to resolve both claims (*Id.*).

After unsuccessful pre-suit negotiations, on August 20, 2020, Plaintiff filed his two-count Complaint (Doc. 1). On September 14, 2020, Plaintiff's counsel emailed that "$14,000 inclusive is still on the table to resolve all claims" and stated his total fees and costs as of that date were $4,147.00 (Doc. 113-2 at 8). Defendants counter-offered $3,000 to settle Count I separately, and Plaintiff refused (*Id.* at 7). In October 2020, Plaintiff stated in his Verified Answers to Court's Interrogatories that "[a]t this time, Plaintiff is owed $2,147.55 which includes liquidated damages. This amount does not include damages attributed to Plaintiff's retaliation claim." (Doc. 11 at 4). Then, Defendant Cristina Chanquin sent this text to Plaintiff in November 2020:

> Hi Mike, I hope all is well. We were hoping to settle this case today, but your lawyers are making it impossible for us to do so. Your attorney offered what you see in this screenshot. We know that your attorneys will make 40% of whatever you recover according to the court questionnaire you answered. So we offered $3600 which will have you walk away with $2160 (60%) and we also added their court costs that are $569.25 for a total of $4169.45. We are not sure why our offer

> was refused by you as you are walking away with more than they initially offered us from the screenshot you see here. Obviously, your lawyers refused because they will not make as much money for their lawyer fee, but we wanted to make sure that you refused the offer as well even though you will walk away with the same amount. We don't want to keep arguing over lawyer fees because we will both be the losers in the end. Did you really deny our counteroffer where you walk away with $2160?

(Doc. 27-9 at 1). Plaintiff refused the offer the same day. (Doc. 27-9 at 2).

Next, in December 2020, Defendants emailed Plaintiff's counsel an Offer of Judgment:

> Defendants hereby offer to allow entry of judgement (sic) against them in the amount of $4,200.00 ("Judgement Amount"). This Judgement Amount shall be the total amount to be paid by Defendants on account of any liability claimed in this action, including all costs and attorneys' fees otherwise recoverable in this action by Michael Tran that have accrued to date. Defendants' offer is unconditional and is made to fully and finally resolve all claims asserted against them in this action.

(Doc. 90-4). In a same-day reply, Plaintiff's counsel said his client "will not be accepting the offer of judgment" (*Id.*). In February 2021, the parties impassed at mediation (Doc. 20).

On March 1, 2021, Defendants sent Plaintiff a $2,147.55 check for "full satisfaction of the total amount in damages you have claimed on the unpaid wages clam (Count I) … based on your calculations of the back wages owed … and also includes the amount in statutory liquidated damages." (Doc. 27-8). The tender did not include attorney's fees or costs or a judgment in Plaintiff's favor so, three days later, Plaintiff's counsel responded: "The settlement check you sent does NOT fully satisfy [Tran's] claims … he is also demanding his attorney's fees and costs which were not included." (Doc. 54-1). He said Tran "will agree to accept the full amount of back wages **if and only if** his attorney's fees and cost to date are paid," or Tran "will agree to accept his full amount of back wages **if and only if** your client agrees to a Judgment against them (as to Count I only). Once the Judgment is entered, we will then move for our attorney's fees and costs separately and let the Court decide what is or

isn't fair." (Doc. 54-1).

Instead, later that month, Defendants moved for summary judgment (Doc. 27), arguing they had satisfied Plaintiff's overtime claim, and there was no evidence of retaliation. The Court denied Defendants' motion as premature because the Court had issued a Case Management Order only a week earlier (Doc. 24), the discovery period had just started, and Plaintiff's motion to amend his complaint was pending (*see* Doc. 34). The Court granted Plaintiff's motion in the same Order (*Id.*). Plaintiff amended his complaint (Doc. 35), and Defendants quickly moved to dismiss (Doc. 38), advancing the same arguments as in their summary judgment motion – the Court lacked subject matter jurisdiction over Count I because Defendants had tendered payment in full, and Count II failed to state a claim. Plaintiff opposed the motion, pointing out that Defendants' tender did not include his attorneys' fees and costs or a judgment in Plaintiff's favor (Doc. 39).

With Defendants' motion to dismiss pending, the parties' discovery and motion practice intensified. Between July 2021 and January 2022, there was a rash of docket activity unusual in FLSA actions: the Court denied Plaintiff's motion to compel revised Rule 26(a) initial disclosures (Defendants provided the information once Plaintiff filed the motion) (*see* Docs. 40-44), denied as moot Defendants' motion for protective order regarding their CPA's deposition (Plaintiff cancelled it) (*see* Docs. 45-47), granted in part and denied in part Plaintiff's motion to compel amended discovery responses (after a hearing before the undersigned) and denied as moot Plaintiff's motion for sanctions for failure to comply with that Order (*see* Docs. 55, 59, 66, 72, 74, 78-79, 82), and granted Plaintiff's opposed motion to amend case management deadlines due to (in Plaintiff's words) the "litany of pending motions before the Court," including a motion for Rule 11 sanctions Defendants filed related

to Plaintiff's retaliation count (Docs. 52, 64, 76). The parties even filed cross-motions about whether they had settled the case (Docs. 51, 54), necessitating a fifty-minute hearing before the district judge (*see* Doc. 84). Afterwards, the district judge denied Defendants' motion to dismiss, granted Defendants' motion to withdraw Plaintiff's notice of settlement of Count I, denied Plaintiff's motion to enforce the settlement of Count I, and denied Defendants' motion for Rule 11 sanctions (Doc. 83). The parties unsuccessfully mediated again (Doc. 57) then filed cross summary judgment motions (Docs. 70, 94), which the district judge referred to the undersigned.

Based on the undersigned's Report and Recommendation (Doc. 105), the district judge rejected Defendants' summary judgment argument that all their settlement offers – via text message, settlement check, and offer of judgment – mooted Count I and deprived the Court of subject matter jurisdiction (*see* Docs. 105-06). To the contrary, the Court found that Plaintiff sought attorneys' fees in addition to, not inclusive of, his claims and "[a]llowing Defendants to evade paying attorney's fees and costs would frustrate the FLSA's goal of fully compensating wronged employees." (Doc. 105 at 14, quoting *Zelaya v. Cargo Logistics Grp. USA LLC*, No. 16-cv-23669, 2017 WL 283259, at *3 (S.D. Fla. Jan. 23, 2017)). The Court denied Defendants' summary judgment motion as to Count I and granted Plaintiff's (Doc. 106). And because Defendants failed to meet their burden to establish their objective and subjective good faith – necessary to avoid liability under the FLSA – the Court awarded Plaintiff liquidated damages equal to Plaintiff's unpaid overtime compensation and found Plaintiff entitled to costs and reasonable attorney's fees (*Id.*).

Next, the Court granted Defendants' summary judgment motion as to Count II. Although Plaintiff had established a *prima facie* retaliation case, Defendants met their burden

of presenting legitimate, nonretaliatory reasons for reducing Plaintiff's hours (*see* Doc. 105 at 17-27). The Court also found that Plaintiff did not offer sufficient evidence to raise an inference of pretext (*Id*.).

After the Court's summary judgment ruling, Defendants moved for sanctions under 28 U.S.C. § 1927 and the Court's inherent power, claiming Plaintiff and his counsel colluded to use a non-viable retaliation count to shore up a claim to attorneys' fees (Doc. 109). Defendants offered no evidence of Plaintiff's counsel's bad faith or vexatious conduct (required for a court to award sanctions under § 1927 or the Court's inherent authority). The Court denied Defendants' motion, stating they "can challenge the reasonableness of Plaintiff's fees request in their response to Plaintiff's motion [for attorneys' fees]." (Doc. 112 at 8).

Cue the current dispute. Having established his entitlement to attorneys' fees, Plaintiff now moves for $64,295.10 in fees and costs (Doc. 111). Defendants oppose the motion (Doc. 113), reiterating their argument that Plaintiff's counsel purposely prolonged this litigation to rack up exorbitant fees – an accusation the Court rejected at summary judgment (Doc. 105) and again in denying Defendants' sanctions motion (Doc. 112). Defendants also contend Plaintiff's attorneys' hourly rates and number of hours are unreasonable and that Plaintiff seeks fees for time spent pursuing his unsuccessful retaliation claim.

## II. Discussion

The Court uses the lodestar method to determine a reasonable fee award, which it calculates by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).[1] The party moving for fees has the burden

---

[1] In Plaintiff's argument about calculating the lodestar, he urges the Court to consider the twelve factors enumerated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (Doc. 111 at 7). These factors are: (1) the time and labor required; (2) the novelty and

of establishing that the hourly rates and hours expended are reasonable. *See Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). "[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (internal quotation marks omitted). As for the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

The party seeking an award of expenses bears the burden of submitting a request that enables the court to determine what expenses the party incurred and why it is entitled to an award of those expenses. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994). However, "[t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (quotation omitted); *see also Hepsen v. J.C. Christensen & Assoc., Inc.*, 394 F. App'x 597, 599-600 (11th Cir. 2010). "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these

---

difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the lawyer due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the lawyer; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. But the Eleventh Circuit has recognized that the *Johnson* factors are subsumed in the lodestar analysis. *In re Home Depot Inc.*, 931 F.3d 1065, 1090 (11th Cir. 2019). While courts are free to analyze the *Johnson* factors in determining a reasonable hourly rate and a reasonable number of compensable hours, courts are not required to "slog through" the 12 factors one-by-one. *Id*. at 1091. This Report and Recommendation organizes the analysis of Plaintiff's request for attorneys' fees under the lodestar approach.

determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436).

**A. Reasonable Hourly Rates**

Plaintiff requests that the Court find reasonable these hourly rates of his Morgan & Morgan legal team:

(1) $450 for Attorney Edelman, a partner with more than 25 years of experience; and

(2) $300 for Attorney Triantis, an associate attorney who joined the Florida Bar in April 2019.

In support, Plaintiff offers the declarations of Attorneys Edelman and Triantis (Docs. 111-1, 111-2).

The Court may use its discretion and expertise to determine the appropriate hourly rate to apply to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). In the Tampa division, $450 per hour in an individual FLSA case pushes the bounds of reasonable. *See Gordon v. Double Eagle of Sarasota, Inc., et al.*, No. 8:16-cv-2561-EAK-AEP, Doc. 42 (M.D. Fla. June 21, 2019) (finding $425 per hour reasonable rate for Attorney Edelman in individual FLSA case); *Pena v. RDI, LLC*, No. 8:17-cv-1404-T-AAS, 2019 WL 3017574, at * 1-2 (M.D. Fla. July 10, 2019 (awarding $425 per hour to plaintiff's counsel in individual FLSA case); *cf. Alvarez v. Gregory HVAC LLC*, No. 8:19-cv-1826-CEH-JSS, 2022 WL 3101768, at * 6 (Aug. 4, 2022) (awarding $400 per hour to counsel in FLSA case with 15 years of experience). The cases Plaintiff cites supporting Attorney Edelman's $450 hourly rate are outside of the Tampa division (*see* Doc. 111 at 13). Despite that Defendants do not dispute Attorney Edelman's rate, the undersigned recommends the Court reduce his hourly rate from $450 to $425.

Defendants argue Attorney Triantis's requested hourly rate of $300 is unreasonable because he was a member of the Florida Bar for only 16 months before Plaintiff filed his Complaint (Doc. 113 at 15). Plaintiff appears to acknowledge Attorney Triantis's hourly rate is high but states, "[d]ue to the punitive nature of Defendants' litigation tactics, Mr. Triantis is entitled to an hourly rate that equals the time and effort necessary to see this case through to its successful conclusion." (Doc. 111 at 14, n.18). Weighing Attorney Triantis's experience level, the legal issues, the Court's knowledge of market rates of Tampa division attorneys, and the Court's findings regarding hourly rates in other FLSA cases, the undersigned finds a reduction in Attorney Triantis's hourly rate is warranted.

Courts in the Middle District routinely find hourly rates between $250 and $375 reasonable for associate-level attorneys in FLSA cases. *See Rizzo-Alderson v. Tawfik*, No. 5:17-cv-292-FtM-38MRM, 2019 WL 2078730, at *2 (M.D. Fla. July 1, 2019) (collecting Middle District cases). Awards of $300 or more per hour are reserved primarily for attorneys with more experience than Attorney Triantis. *See Rodriguez v. Heartland Painting & Remodeling Servs., Inc.*, No. 8:20-cv-1399-TPB-TGW, 2021 WL 5868339, at * 2 (M.D. Fla. Nov. 24, 2021) (awarding Morgan & Morgan attorney with eight years of experience an hourly rate of $300); *Martinez v. DDS Delivery Servs., LLC*, No. 6:21-cv-794-GAP-EJK, 2021 WL 7084719, at *7 (M.D. Fla. Dec. 17, 2021) (awarding Morgan & Morgan attorney with five years of experience an hourly rate of $250); *Pollock v. Move4All, Inc.*, No. 6:19-cv-130-Orl-31DCI, 2020 WL 5505389, at *3-4 (M.D. Fla. Aug. 21, 2020) *report and recommendation adopted*, 2020 WL 5500213 (M.D. Fla. Sept. 11, 2020) (finding hourly rate of $200 reasonable for attorney with approximately five years of legal experience).

Under these circumstances, $275 per hour is a reasonable rate for Attorney Triantis. *See Yasmin v. Triple T II, Inc.*, No. 8:19-cv-1158-T-36AAS, 2020 WL 418874, at * 5 (M.D. Fla. Jan. 27, 2020) (awarding Morgan & Morgan attorney with approximately four years of experience an hourly rate of $275 in FLSA case); *Davis v. D&G Erectors Corp.*, No. 6:18-cv-2058-Orl-22TBS, 2019 WL 3383547, at *4 (M.D. Fla. May 29, 2019), *report and recommendation adopted*, No. 6:18-cv-2058-Orl-22TBS, Doc. 25 (June 17, 2019) (same, attorney with approximately three years of experience).

**B. Reasonable Number of Hours**

The next step in the analysis is to determine the number of hours reasonably expended. Attorneys must exercise billing judgment, which "means they must exclude from their fee applications excessive, redundant, or otherwise unnecessary hours, which are hours that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quotations, citations, and emphasis omitted). If a district court finds the number of hours claimed to be unreasonably high, it may either "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). An across-the-board method is often preferable to avoid the "pick and shovel work" of pouring through voluminous billing records. *Kenny A. v. Perdue*, 532 F.3d 1209, 1220 (11th Cir. 2008), *rev'd on other grounds*, 559 U.S. 542 (2010). In fact, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

Plaintiff seeks compensation for 183.05 hours of attorney time (50.95 hours for Attorney Edelman and 132.10 hours for Attorney Triantis) (Doc. 111 at 8; Doc. 111-1 at 5), a number Plaintiff's attorneys attest they arrived at *after* subtracting their time spent litigating Plaintiff's unsuccessful retaliation claim (*see* Doc. 111 at 8, n. 11; Doc. 111-1 at 5; Doc. 111-2 at 4). *See Thompson v. Made to Move Inc.*, No. 6:20-cv-1993-RBD-EJK, 2022 WL 797011, at * 2 (M.D. Fla. Jan. 7, 2022) ("Time spent in relation to an unsuccessful claim should not be included in any fee award since it does not constitute work expended in pursuit of the ultimate result achieved.") (internal citations and quotations omitted). From the billing records, it appears Attorneys Edelman and Triantis reduced their time, collectively, by approximately 31 hours.

Defendants counter that 183.05 is an unreasonable number of hours, making the argument, well-worn by now, that "Plaintiff was not concerned with the cost benefit of pursuing a claim that was no longer in controversy after he was made completely whole, he was only concerned with the amount of his attorney's fees[.]" (Doc. 113 at 16). And, borrowing language from *Norman*, 836 F.3d at 1301, Defendants assert "[a] client with means who was seriously intent on vindicating a back wages claim would have been satisfied at the latest as of September 14, 2020 under these facts." (Doc. 113 at 16). September 14, 2020 was when – one month after Plaintiff filed his Complaint – Plaintiff rejected Defendants' counteroffer to settle Count I separately for $3,000.[2] Defendants also object to Plaintiff's

[2] Citing *Goss v. Killian Oaks House of Learning*, 248 F.Supp.2d 1162 (S.D. Fla. 2003), Defendants suggest the Court should deny Plaintiff's fee request in its entirety (Doc. 113 at 22). The *Goss* court characterized the FLSA settlement in that case as a "nuisance settlement" presenting "special circumstances" that rendered an attorney's fees award unjust. *Id*. at 1168. No such special circumstances exist here, as the Court has signaled to Defendants in previous orders.

counsel's "repeated instances of Block Billing, Unit Billing, Billing for Clerical Work, Excessive and Unnecessary Work, and Billing for Office Conferences and Multiple Attorney Billing[,]" but do not point to a single example in the billing records (Doc. 113 at 22).

The Court rejects out of hand Defendants' argument that Plaintiff is not entitled to fees for time expended after September 14, 2020 (which was one month into this two-year litigation). The Court has determined Plaintiff is entitled to reasonable fees related to his overtime count. In prior Orders, the Court explained that "[a]llowing Defendants to evade paying attorney's fees and costs would frustrate the FLSA's goal of fully compensating wronged employees." (Doc. 105 at 14, quoting *Zelaya*, 2017 WL 283259, at *3).

Remaining is Defendants' general challenge to the reasonableness of the number of hours Plaintiff's counsel billed. "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU of Ga.*, 168 F.3d at 428. This case was not legally complex relative to other federal cases – the FLSA is straightforward, case law is plentiful, and the issues presented are common to FLSA actions. But botched settlement negotiations complicated this case early on, permeated the docket, and required the expenditure of the parties' and the Court's resources disproportionate to the legal issues involved and anomalous to individual FLSA cases.

Even so, based on an extensive review of the record, the Court concludes that Attorneys Edelman and Triantis did not properly exercise billing judgment and expended excessive hours litigating Plaintiff's claims. For example, on September 30 and October 7, 2021, Attorney Triantis billed 33.25 hours to researching and drafting a response to Defendants' motion for Rule 11 sanctions (*see* Doc. 111-1 at 12-13), and Attorney Edelman

spent 6.75 hours researching and finalizing the same response on October 8, 2021 (Doc. 111-1 at 13). Plaintiff's counsel spent 40 hours responding to Defendants' Rule 11 motion, which, after a hearing on all pending motions, the district judge denied in one paragraph of its December 7, 2021 omnibus Order (*see* Doc. 83 at 4). And, after the parties fought over the terms of settlement, Attorneys Edelman and Triantis billed 8.0 hours collectively to drafting Plaintiff's motion to enforce the settlement (Doc. 54) and responding to Defendants' motion to withdraw Plaintiff's notice of settlement (Docs. 48, 51, 111-1 at 12-14). The Court denied Plaintiff's motion and granted Defendants' (Doc. 83).

Although Plaintiff claims his attorneys reduced their time by about 31 hours to reflect time billed to his unsuccessful retaliation count, a review of the billing records reveals these reductions were inconsistent. Sometimes Plaintiff reduced the time spent on a task by half if he determined it related to his retaliation count, and sometimes he reduced it by 30% or less, all without explanation. For example, on April 21, 2021, Attorneys Edelman and Triantis each billed .5 hours (after reductions) to reviewing Defendants' motion to dismiss (*see* Doc. 111-1 at 11). But Attorney Edelman's entry reflects that he reduced his time by .25 hours because of the retaliation count, while Attorney Triantis reduced his time entry by .5 hours (*Id.*). The Court does not agree that, out of the 200-plus hours Plaintiff's counsel billed to the case, only 31 were spent pursuing Plaintiff's retaliation claim.

Additionally, Plaintiff's billing records contain vague time entries that do not explain how the tasks performed advanced the case. For example, Attorney Triantis, on 22 occasions, billed time to "email communications" with little or no explanation, for a total of 3.95 hours. *See Pena v. Facci of Merrick Park, Inc.*, No. 18-24296-CIV-LOUIS, 2020 WL 13390192, at * 5 (S.D. Fla. Oct. 12, 2020) (reducing attorney's hours for vague entries that do not explain the

purpose of the task). And seven times Attorney Triantis billed for following up on tasks (on July 13, 2021, he billed .1 to "F/up on 7/9/2021" and the next day he billed .1 to "F/up again"), which makes it impossible for the Court to determine if the follow-up was a clerical task (Doc. 111-1 at 11). A fee movant can recover only for a service "traditionally performed" by an attorney. *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1311 (S.D. Fla. 2009). "Clerical work, such as the compilation of facts and statistics, coordinating schedules, basic communications, procedural matters, and housekeeping matters, is usually performed by legal assistants, not lawyers." *Machado v. Da Vittorio, LLC*, No. 09-23069-CIV, 2010 WL 2949618, at *3 (S.D. Fla. July 26, 2010).

Considering this, "the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436) (alterations in original). Here, parsing out which charges to exclude on an entry-by-entry basis is not a proper use of judicial resources. Taking together Plaintiff's counsel's excessive hours, their failure to adequately segregate time spent on successful and unsuccessful claims, and their vague billing entries, the undersigned finds a reduction of the number of hours billed by 20% is appropriate. In recommending this percentage – admittedly difficult to pinpoint – the undersigned attempts to best approximate a reasonable number of hours for the work performed. *See Vicenti v. Bakers Specialties, LLC*, No. 8:13-cv-2399-T-33EAJ, 2013 WL 6511648, at * 3 (M.D. Fla. Dec. 12, 2013) (reducing attorney's fees requested by 30% in FLSA case); *Estrada v. Alexim Trading Corp.*, No. 10-23696-CIV, 2012 WL 4449470, at * 10 (S.D. Fla. Sept. 26, 2012) (same); *cf. St. Fleur v. City of Ft. Lauderdale*, 149 F. App'x 849, 854 (11th Cir. 2005) (in civil rights case, upholding district

court's decision to reduce total hours by 30% based on plaintiff's limited success); *James v. Wash Depot Holdings, Inc.*, 489 F.Supp.2d 1341 (S.D. Fla. 2007) (reducing lodestar by 50% in FLSA case, based on plaintiff's limited success, inadequate billing records, and billing for clerical work).

A 20% reduction of Attorneys Edelman and Triantis's hours reduces their total hours from 183.05 to a reasonable 146.44. Of these 146.44 hours, 40.76 hours are attributable to Attorney Edelman (50.95 hours reduced by 20%) and 105.68 hours are attributable to Attorney Triantis (132.10 hours reduced by 20%).

**C. Lodestar**

Multiplying the reasonable hourly rates by the reasonable number of hours yields these results.

Attorney Edelman: $425 per hour x 40.76 hours = $17,323
Attorney Triantis: $275 per hour x 105.68 hours = $29,062
**Total: $46,385**

**D. Litigation Expenses**

Plaintiff seeks to recover $1,202.60 litigation expenses for postage, mediation, and notary fees (Doc. 111 at 9).[3] Defendants do not address Plaintiff's expenses in their response (*see* Doc. 113). While 28 U.S.C. § 1920 enumerates recoverable costs in most actions, 29 U.S.C. § 216(b) provides for "a reasonable attorney's fee to be paid by the defendant, and costs of the action" in FLSA cases. Some courts find that if a specific expenditure is not listed as a cost taxable under 28 U.S.C. § 1920, it is not recoverable. *See Gary Brown & Assoc., Inc. v.*

---

[3] This amount does not include Plaintiff's filing fee and process server fee, which the Court addresses in the next section. Also, Plaintiff states he is not seeking reimbursement of the printing costs listed on his expense sheet, which total $130.75 (Doc. 111 at 9, n. 14, Doc. 111-1 at 17-18).

*Ashdon, Inc.*, 268 F. App'x 837, 845-46 (11th Cir. 2008); *Villanueva-Gonzalez v. Grainger Farms, Inc.*, No. 2:09-cv-716-FtM-36DNF, 2011 WL 5834677, at *8 (M.D. Fla. Aug. 9, 2011); *Williams v. R.W. Cannon, Inc.*, 657 F.Supp.2d 1302, 1317 (S.D. Fla. 2009) (collecting cases). Others, however, find that expenses like travel, meals, and mediation are "litigation expenses" recoverable as part of the attorneys' fee award. *Lockwood v. CIS Servs., LLC*, No. 3:16-cv-965-J-39PDB, 2019 WL 2226126, at *21-22 (M.D. Fla. May 3, 2019), *report and recommendation adopted*, 2019 WL 3383628 (M.D. Fla. June 13, 2019).

The undersigned agrees with the latter camp. Although "[n]o binding precedent expressly holds attorney expenses are recoverable under § 216(b) as attorney's fees[, a]t least five circuit courts of appeal have addressed the issue and held they are." *Id.* at *22-23 (listing cases); *see also Mosley v. Lozano Ins. Adjusters, Inc.*, No. 3:19-cv-379-J-32JRK, 2021 WL 293243, at * 4 (M.D. Fla. Jan. 11, 2021). The $1,202.60 in litigation expenses Plaintiff seeks (for postage, mediation, and notary fees) were all necessary to litigate and resolve this case. Plaintiff may recover his litigation expenses of mediation, notary services, and postage as attorney's fees under § 216(b). *See Mosley*, 2021 WL 293243, at * 4 (finding postage, delivery, travel, and lodging expenses recoverable under § 216(b)). Therefore, this amount is added to his attorneys' fee award of $46,385 for a total of $47,587.60.

**E. Costs**

Allowable costs under 28 U.S.C. § 1920 are: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, interpreters, and

special interpretation services. 28 U.S.C. § 1920. Plaintiff may recover his $400 filing fee and his $135.00 process server fee as costs under 28 U.S.C. § 1920, for a total of $535 (although 28 C.F.R. § 0.114 only authorizes $65 for each item served, Plaintiff served three defendants). *See Gutierrez v. El Toro Loco Churrascaria 8St. LLC*, No. 1:21-cv-22062-JLK/Becerra, 2022 WL 3621615, at * 6 (S.D. Fla. Aug. 9, 2022).

## III. Conclusion

The undersigned **RECOMMENDS**:

(1) Plaintiff's Motion for Reasonable Attorney's Fees and Costs/Expenses (Doc. 111) be **GRANTED in part and DENIED in part**; and

(2) Plaintiff be awarded $47,587.60 in attorneys' fees under 29 U.S.C. § 216(b) and $535 in costs under 28 U.S.C. § 1920.

(3) Plaintiff's motion be otherwise denied.

It is so **REPORTED** in Tampa, Florida on November 18, 2022.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object under § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions in this Report and Recommendation. 11th Cir. R. 3-1.