## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MICHAEL TRAN,

      Plaintiff,

v.                                       Case No: 8:20-cv-1945-CEH-SPF

NOMAD GROUP LLC, CRISTINA
CHANQUIN and SERGIO
CHANQUIN,

      Defendants.

_____/

## O R D E R

      This matter comes before the Court on the Report and Recommendation (Doc. 114), issued by Magistrate Judge Sean P. Flynn.  In the Report and Recommendation, Magistrate Judge Flynn recommends that Plaintiff's Motion for Reasonable Attorney's Fees and Costs/Expenses (Doc. 111), be granted in part and denied in part. Specifically, the magistrate judge recommended that Plaintiff be awarded $47,587.60 in attorneys' fees under 29 U.S.C. § 216(b) and $535 in costs under 28 U.S.C. § 1920, and otherwise recommended the motion be denied. All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). On December 2, 2022, Defendants filed their "Objection to Report and Recommendations." Doc. 115. On December 16, 2022, Plaintiff filed a Response to Defendants' Objection. Doc. 116. Upon careful consideration of the Report and Recommendation, the Defendants' Objection, the

response to the objection, and upon this Court's independent examination of the file, it is determined that the Defendants' Objection should be overruled, the Report and Recommendation adopted, and the Plaintiff's Motion for Attorney's Fees and Costs/Expenses (Doc. 111), be granted in part and denied in part.

## I.   BACKGROUND

### A.   Factual and Procedural Background

In October 2018, Plaintiff, Michael Tran, was hired to work at Sushi House as a sushi preparer by Defendant Nomad Group LLC. ("NGP"). Doc. 86 ¶ 1. Defendants Christina and Sergio Chanquin are member managers of NGP. Doc. 70 ¶ 1. Plaintiff's hourly wage for work performed at NGP's restaurant "Sushi House" and for catering jobs started at $14 per hour but was later increased to $15 per hour in April 2019. Doc. 86 ¶ 2. These hours were reflected, respectively, as "Regular Pay" and "Kitchen" on Plaintiff's pay stubs. Doc. 70 ¶ 2; Doc. 86 ¶ 3. For seasonal work performed at Raymond James stadium, Plaintiff was paid $20 per hour. Doc. 70 ¶ 6. These hours were reflected as "Kazoku" on his pay stub. Doc. 70 ¶ 2. From February 23, 2020, to April 18, 2020, Plaintiff worked approximately fifty hours per week. Doc. 86 ¶ 7.

In early March 2020, the government implemented restrictions on businesses, including restaurants, in an effort to control the spread of the coronavirus. Doc. 70 ¶ 8; Doc. 86 ¶ 6. Accordingly, Defendants stopped operating Kitchen and Kazoku. Doc. 27-2 ¶ 12. On March 20, 2020, Defendants sent a group text to their employees indicating they could remain operating, but with limited staff, and Defendants were working on a plan to provide some benefits to employees who are still working. Doc.

27-1 ¶ 11; Doc. 27-4. Thereafter, Defendants communicated with their staff regarding options, including furlough. *Id.* Plaintiff expressed concerns about rising COVID cases and bringing the virus home to his family. Doc. 27-5 at 5-6. Plaintiff communicated with Defendants both through the group employee texts as well as private texts regarding Plaintiff's employment, his concern regarding the coronavirus, and potential conflicts working part-time and seeking federal benefits. Doc. 27-5 at 8-10; Doc. 27-6 at 4-13. In an April 3 text message, Plaintiff informed Defendants that he had applied for unemployment benefits. Doc. 27-6 at 3. Defendants sent text messages to their employees explaining they would have to cut hours due to their loan request being denied. Doc. 27-5 at 19-21. Ultimately, Plaintiff complained by text that he was not paid for his overtime hours worked. Doc. 27-5 at 28-30; Doc. 27-6 at 14. Plaintiff advised he had spoken with an attorney and believes he is owed overtime as Defendants' businesses were not separate businesses for purposes of calculating overtime pay due under the FLSA. Doc. 27-6 at 15. Defendants advised Plaintiff that his checks to "make it right" were ready for pick up. Doc. 27-6 at 16. Plaintiff texted Defendants that their failure to pay him forced his resignation. Doc. 27-6 at 17. Plaintiff's last days of work for Defendants were April 24, 25, and 26, 2020. Doc. 86 ¶ 8.

On June 10, 2020, counsel for Plaintiff sent a demand letter to Defendants requesting overtime compensation and liquidated damages in the amount of $2,147.55. Doc. 52-1. Plaintiff made a settlement demand of $15,000 to resolve all claims. After unsuccessful pre-suit negotiations, Plaintiff filed a two-count Complaint

3

on August 20, 2020, against Defendants alleging a failure to pay overtime wages (Count I) and for retaliation (Count II) in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"). Doc. 1. On September 14, 2020, Plaintiff's counsel offered to settle all claims for $14,000, stating that fees and costs up to that date were $4,147.00. Doc. 113-2 at 8. Defendants counter-offered $3,000 to settle Count I separately. *Id.* at 7. The counter-offer was rejected the same day. *Id.* at 6. Plaintiff's interrogatory answers that were provided in October 2020 stated he was owed $2,147.55 in overtime wages. Doc. 11 at 4. By text message to Plaintiff in November 2020, Defendant Cristina Chanquin stated that Defendants offered Plaintiff's attorneys $3,600 plus costs to settle the case. Doc. 27-9 at 1. Recognizing that counsel would get 40% of that amount, Cristin Chanquin states that would leave Plaintiff with $2,160. *Id.* She asks Plaintiff whether he truly rejected Defendants' settlement offer that would allow him to "walk away with $2,160." *Id.*

In December 2020, Defendants offer to settle, by way of an "Offer of Judgment," for $4,200. Doc. 90-4 at 4. This amount was rejected by Plaintiff. *Id.* at 2. In February 2021, the parties engaged in mediation, but it was unsuccessful. Doc. 20. On March 1, 2021, Defendants sent Plaintiff a check for $2,147.55 for "full satisfaction of the total amount in damages" Plaintiff claimed on his overtime wages claim. Doc. 27-8. There was no provision for attorney's fees, nor judgment in Plaintiff's favor. Plaintiff's counsel advised that the check would be accepted only in the event that Defendants pay attorney's fees and costs or, alternatively, agree to a Judgment in

4

Plaintiff's favor as to Count I and submit the issue of attorney's fees to the Court. Doc. 54-1 at 2.

On March 26, 2021, Defendants moved for summary judgment. Doc. 27. On April 16, 2023, Plaintiff filed a response in opposition. Doc. 32. On April 19, 2021, Plaintiff filed an Amended Complaint. Doc. 35. On the same date, the Court denied Defendants' motion for summary judgment as premature and because Plaintiff had filed an amended complaint. Doc. 34.

The parties engaged in motion practice directed to the amended complaint and also involving multiple discovery disputes. *See* Docs. 38–41, 43, 45, 46. On September 13, 2021, the parties filed a joint notice of settlement of Count I only. Doc. 48. On September 24, 2021, Defendants filed an amended motion to withdraw the joint notice of settlement. Doc. 51. A motion requesting sanctions, more discovery motions, and a motion to compel the settlement, and responses thereto, followed. Docs. 52, 54, 55, 58–60, 62, 63.

Thereafter, the parties filed cross motions for summary judgment. Docs. 70, 92. On July 8, 2022, Magistrate Judge Flynn issued a report and recommendation recommending that Plaintiff's motion for summary judgment as to Count I be granted in Plaintiff's favor and recommending Defendants' motion for summary judgment be granted in Defendants' favor as to the retaliation claim in Count II. Doc. 105. The magistrate judge recommended that judgment be entered in Plaintiff's favor on his claim for overtime compensation and liquidated damages, that Plaintiff be awarded damages in the amount of $2,147.55, and that Plaintiff be directed to file a motion to

determine the amount of the reasonable attorney's fees to be awarded to Plaintiff. No objections were filed to the magistrate judge's report and recommendations. On July 25, 2022, the undersigned adopted the magistrate judge's recommendations. Doc. 106. On July 25, 2022, Judgment in the amount of $2,147.55 was entered in favor of Michael Tran and against Defendants Nomad Group LLC, Christina Chanquin, and Sergio Chanquin as to Count I of the Amended Complaint. Doc. 107. On the same date, Judgment was entered in favor of Defendants, and against Plaintiff, as to the retaliation claim in Count II of the Amended Complaint. Doc. 108.

On September 8, 2022, Plaintiff filed a Motion for Reasonable Attorney's Fees and Costs/Expenses seeking an award of $64,295.10 in attorney's fees and costs. Doc. 111. Specifically, the motion requests $62,557.50 in attorney's fees which consists of 183.05 attorney hours at the hourly rate of $450.00 for attorney Marc Edelman and $300.00 for attorney George Triantis. Plaintiff seeks $1,737.60 in costs and expenses for postage, mediation costs, court filing fees, process server fee, and notary fee. In support of his motion, Plaintiff files the declarations of attorneys Edelman and Triantis (Docs. 111-1, 111-2), time records (Doc. 111-3), and expenses report (Doc. 111-4). In addition, Plaintiff attaches Defendants' objection to the fees and costs to which most items are objected. Docs. 111-5, 111-6. Plaintiff argues that, although the amount of fees requested appears disproportionate to the award recovered, the time records reveal Defendants' continued obstinance and opposition to an early resolution of this action and unnecessary motion practice, which substantiate Plaintiff's fee claim.

6

Defendants filed a response in opposition to the fee motion arguing that they conceded very early on the amount of overtime damages owed while contesting the Plaintiff's non-meritorious retaliation claim, upon which Defendants ultimately prevailed. Doc. 133. Defendants contend that the claim for fees is excessive, and they object to any fees being awarded after July 10, 2020, which they submit was the date the overtime claim was conceded. At the latest, Defendants submit no fees are recoverable after September 14, 2020, which was the date Defendants offered to settle the claims for $3,000. *See* Doc. 113 at 5. Defendants accuse Plaintiff and his counsel of churning the file to create an excessive fee claim. Because they prevailed on the retaliation claim, which was not conceded, Defendants contend all hours expended after their concession on the overtime claim can only be related to Count II, for which Plaintiff is not entitled to any fees.

As for the proposed hourly rates, Defendants do not object to attorney Edelman's hourly rate of $450 given his number of years of experience. Defendants do oppose attorney Triantis' hourly rate of $300 per hour as excessive given the fact that Triantis had only been a practicing attorney for one year before filing this action.

As for the number of hours, Defendants argue the proposed hours are unreasonable. Further, Defendants object to Plaintiff's claim that the time spent litigating the two separate claims is inextricably intertwined given Defendants' early concession of the overtime claim. Defendants next argue that Plaintiff's billing records are guilty of block billing, unit billing, billing for clerical work, billing for unnecessary work, multiple attorney billing, and billing for office conferences, which Defendants

argue are violative of Florida Bar Rule 4-1.5. Defendants request the Court reduce Plaintiff's requested hours to the reasonable amounts incurred up until September 14, 2020 and award no fees for work performed following that date.

### B.     Report and Recommendation

On November 18, 2022, Magistrate Judge Flynn issued his Report and Recommendation in which he recommends Plaintiff's motion for attorney's fees and costs be granted in part and denied in part. Doc. 114.

#### 1.     Costs and Expenses

As the Report and Recommendation reflects, Defendants did not respond to those portions of Plaintiff's motion regarding costs. The magistrate judge found Plaintiff's request for $1,202.60 in litigation expenses for postage, mediation, and notary fees is recoverable as attorney's fees under 29 U.S.C. § 216(b) as such expenses were necessary to litigate and resolve the case.  Accordingly, the magistrate judge added $1,202.60 in litigation expenses to the recommended fee award.

As for the costs, the magistrate judge recommended Plaintiff be awarded total costs of $535 for the filing fee ($400) and process server fees ($135 for three Defendants served) under 28 U.S.C. § 1920.

#### 2.     Attorney's Fees

In his motion, Plaintiff seeks an award of $62,557.50 in attorney's fees. Doc. 111 at 8. Magistrate Judge Flynn recommended Plaintiff be awarded $46,385 for attorney time expended on behalf of Plaintiff in this action. The report and recommendation detailed the settlement communications between the parties over the

course of the litigation as well as the flurry of discovery and motion practice, noting that is atypical of these types of cases.

The Defendants in their opposition to the fee motion again argue that Plaintiff's counsel purposely prolonged litigation to rack up exorbitant fees. As Magistrate Judge Flynn pointed out in the Report and Recommendation, Defendants' accusations were rejected at summary judgment and again in denying Defendants' motion for sanctions. Doc. 114 (citing Docs. 105, 112).

In analyzing the fee request, the magistrate judge applied the lodestar method to determine a reasonable fee award. As to the issue of the hourly rate, the magistrate judge concluded that attorney Edelman's $450 hourly rate pushed the bounds of reasonableness for the Tampa Bay market. The cases relied upon by counsel to support the requested rate were outside of the Tampa division. Thus, Magistrate Judge Flynn recommended $425 per hour for attorney Edelman's hours as this rate was more consistent with hourly rates awarded in the Tampa Division of the Middle District of Florida for these types of cases. Regarding attorney Triantis, given his relative inexperience, the magistrate judge concluded $300 was on the high side and instead recommended an hourly rate of $275 given Triantis' level of experience and considering rates awarded in the Middle District of Florida for newer attorneys practicing in the FLSA area.

Turning to the number of hours reasonably expended, the magistrate judge concluded the hours requested were excessive and determined that an across-the-board cut was warranted. Plaintiff seeks 183.05 hours, of which 50.95 are attributable to work

performed by Edelman and 132 hours for attorney Triantis' time on this case. According to Plaintiff, approximately 31 hours had already been deducted from counsel's time for work related to the retaliation claim, on which Plaintiff did not prevail.

In response to the Defendants' claim that no hours are recoverable after September 14, 2020, the magistrate judge outright rejected this proposition. September 14, 2020 was the date that Plaintiff rejected Defendants' counteroffer to settle Count I for $3,000. The magistrate judge noted that Defendants have been repeatedly advised that offering to pay the overtime hours without paying the reasonable attorney's fees frustrates the goals of the FLSA. However, the magistrate judge did agree with Defendants, in general, that the hours billed by Plaintiff's counsel were excessive and found that counsel did not exercise proper billing judgment. Although Plaintiff claims that his counsel's hours were already reduced to reflect time spent on the unsuccessful retaliation claim, the magistrate judge found a reduction of only 31 hours out of the over 200 hours to be suspect. The magistrate judge also found the purported reductions to be inconsistent and, at times, illogical. Also evident in the billing records were entries reflecting excessive time spent on certain tasks, duplicative time spent by the two attorneys, vague entries with little to no explanation, and tasks attributed to attorneys that are clerical in nature. Rather than conduct an entry-by-entry analysis, the magistrate judge recommended a 20% across-the-board cut in hours to take into consideration "Plaintiff's counsel's excessive hours, their failure to adequately

segregate time spent on successful and unsuccessful claims, and their vague billing entries." Doc. 114 at 14.

Applying the 20% reduction in hours, the magistrate judge recommended Plaintiff's counsel's hours be reduced from 183.05 hours to 146.44 hours, of which 40.76 hours are attributed to attorney Edelman and 105.68 hours are attributed to attorney Triantis. Multiplying the reasonable hourly rates by the reasonable number of hours, Magistrate Judge Flynn recommended fees of $46,385, based on 40.76 hours at the rate of $425 per hour ($17,323) and 105.68 hours at the rate of $275 per hour ($29,062).[1] Adding in the $1,202.60 in litigation expenses discussed above, the magistrate judge recommended a total fee award of $47,587.60.[2]

### C.    Objection to Report and Recommendation and Response

On December 2, 2022, Defendants filed their objection to the magistrate judge's report and recommendations. Doc. 115. Defendants claim they never opposed the recovery of attorney's fees, but rather submit that they only disputed the amount of fees recoverable. Defendants generally argue that Plaintiff failed to provide detailed billing records to separate the fees attributable to pursuing Plaintiff's two separate claims, noting that Plaintiff would not be entitled to any fees on its retaliation claim on which Defendants prevailed. Next Defendants agree that the magistrate judge appropriately reduced the hourly rates and the number of hours, but they argue the reduction was inadequate. In that regard, Defendants contend that given the limited

---

[1] $17,323 + $29,062 = $46,385.
[2] $46,385 + $1,202.60 = $47,587.60.

success by Plaintiff, fees should be awarded only in relation to the amount recovered on the overtime claim. According to Defendants, they tried to obtain the billing records from Plaintiff's counsel early on so they could assess the amount of fees attributable to Count I, but to no avail.

Defendants argue that Plaintiff was making misstatements of his unemployment status to the Florida Department of Economic Opportunity at the same time he was employed by Defendants and accruing overtime hours.

Defendants again complain that Plaintiff's entitlement to overtime pay was conceded as early as July 2020 and that Plaintiff's litigation only served to delay his recovery. Defendants contend that not reducing the attorney's fees more than 20% rewards Plaintiff for bringing his unrelated and non-meritorious claim of retaliation against Defendants and punishes Defendants for defending against the patently frivolous claim. Defendants argue that since the billing records failed to precisely segregate and explain the time expended for the respective claims, the magistrate judge was unable to fairly assess the fees recoverable for Count I only. Defendants request the Court reject the magistrate judge's recommendations and limit the fees to only those accruing up to September 14, 2020, which were $4,147.00.

In response, Plaintiff argues that Defendants' objections are improper as they fail to specifically identify which findings Defendants disagrees with. Doc. 116. Plaintiff submits that Defendants merely rehash arguments previously rejected. Plaintiff submits this Court should, based on its *de novo* review, upwardly adjust the fees awarded to the amount originally requested because the record supports

12

Defendants' aggressive litigation tactics which resulted in a substantial increase in the hours expended on the case.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge.  The district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).  The district judge may accept, reject, or modify, in whole or in part, the Report and Recommendation.  Fed. R. Civ. P. 72(b)(3).  The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions.  *Id.*

## III.   DISCUSSION

A prevailing FLSA plaintiff is entitled to recover reasonable attorney's fees and costs of the action. 29 U.S.C. § 216(b). Here, Plaintiff has prevailed against Defendants on his claim for unpaid overtime wages. Docs. 105, 106, 107. Thus, Plaintiff is entitled to reasonable attorney's fees and costs.

### A.   Costs and Litigation Expenses

Defendants do not object to the magistrate judge's findings and conclusions regarding the costs and litigation expenses to be awarded to Plaintiff. A district court reviews those portions of a magistrate judge's report and recommendation that are not

objected to under a clearly erroneous standard. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001) (citing *Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558 (M.D. Fla. 1993); *see Thomas v. Arn*, 474 U.S. 140, 150 (1985) (holding that the *de novo* standard of review applies to both factual and legal conclusions to which a party objects)).

Plaintiff seeks costs in the amount of $1,737.60. The magistrate judge recommended Plaintiff be awarded $535 in costs for recovery of the filing fee and process server expenses. These costs are allowable under 28 U.S.C. ¶ 1920. Regarding the $1,202.60 in expenses for postage, mediation, and notary fees, the magistrate judge found such litigation expenses recoverable as part of the attorney's fee award as the expenses were necessary to litigate and resolve the case. *See* Doc. 114 at 16 (citing *Lockwood v. CIS Servs., LLC*, No. 3:16-cv-965-BJD-PDB, 2019 WL 2226126, at *21-22 (M.D. Fla. May 3, 2019), *report and recommendation adopted*, 2019 WL 3383628 (M.D. Fla. June 13, 2019)). While the law on this issue is not consistent across the Circuit, *see* Doc. 114 at 15–16, an award of litigation expenses is not clearly erroneous. The Court adopts in full the magistrate judge's recommendation regarding costs and litigation expenses to be awarded to Plaintiff.

**B.   Attorney's Fees**

In the Eleventh Circuit, courts use the lodestar approach to determine reasonable attorneys' fees. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). The lodestar is calculated by multiplying the number of hours

reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. *Id.* at 1299; *see also Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). After applying the lodestar method to determine a reasonable fee award, Magistrate Judge Flynn recommended Plaintiff be awarded $46,385 for attorney's fees. Doc. 114.

In determining the lodestar figure, a "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. In this context, "market rate" means the hourly rate charged in the local legal market by an attorney with expertise in the area of law who is willing and able to take the case, if indeed such an attorney exists. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). The fee applicant bears the burden of establishing the requested rates are in line with the prevailing market rates by producing direct evidence of rates charged in similar circumstances or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299.

After considered the prevailing rates awarded to FLSA attorneys in the Tampa Bay area, *see* Doc. 114 at 9–10, Magistrate Judge Flynn recommended an hourly rate of $425 for the work performed by attorney Edelman and $275 for the work performed by attorney Triantis. Defendants do not object to the magistrate judge's hourly rates for attorneys Edelman and Triantis. Doc. 115 at 3. The Court agrees these rates are reasonable and consistent with hourly rates awarded to attorneys in the Middle District of Florida, Tampa Division, who practice in this area of the law. Accordingly,

15

the Court will adopt the recommended hourly rates of $425 and $275 for attorneys Edelman and Triantis, respectively.

Although Defendants agree with the recommended hourly rates, Defendants urge the Court not to follow Magistrate Judge Flynn's recommended 20% across-the-board cut of the attorney hours expended. Instead, Defendants suggest an award of $4,147.00 in attorney's fees for fees accrued up to September 14, 2020 is appropriate. Doc. 115 at 6.

For the most part, Defendants' objections are general and non-specific and do not provide a basis for this Court to reject the magistrate judge's factual findings and conclusions. The objections to a magistrate judge's recommendation and report must be "specific" and "clear enough to permit the district court to effectively review the magistrate judge's ruling." *Knezevich v. Ptomey*, 761 F. App'x 904, 906 (11th Cir. 2019). Defendants argue that the billing entries are not segregated by claim or precisely explained. Doc. 115 at 5. But Defendants fail to identify any specific billing entry to which they object. Defendants appear to challenge the veracity of statements made by Plaintiff to the Florida Department of Economic Opportunity in March 2020, *see* Doc. 115 at 4, but such arguments are not objections to the magistrate judge's findings or conclusions. Defendants next argue that they tried to get the billing records from counsel early on and accuse Plaintiff of bringing an unfounded retaliation claim to increase fees. Doc. 115 at 4–5. Again, these complaints are not objections to the report and recommendation as contemplated by Federal Rule of Civil Procedure 72(b)(2).

Defendants object to the magistrate judge's 20% reduction as insufficient arguing the court should award only the amount of fees that is reasonable in relation to the results obtained. Here, Plaintiff's recovery for his overtime wage claim was $2,147.55. Thus, Defendants argue the magistrate judge's recommended fee is vastly disproportionate to Plaintiff's recovery. At the core of this dispute is Defendants' unwavering position that its early concession of the amount owed to Plaintiff for his overtime hours mooted Count I, or at least any claim for fees after the concession. However, as detailed in the magistrate judge's Report and Recommendation on the Defendants' motion for summary judgment, which this Court adopted, Count I was not mooted by Defendants' early agreement to pay the amount owed in overtime wages where there was no agreement as to the amount owed for attorney's fees.

In their objection, Defendants continue to rehash the same argument that Plaintiff's counsel churned the file to generate fees. This argument, advanced by Defendants throughout the litigation, has been rejected multiple times. *See* Docs. 105, 112, 114. That said, the magistrate judge did find the hours to be excessive given the straightforward nature of this FLSA claim, and accordingly the magistrate judge reduced the number of hours by 20%. The Eleventh Circuit has held that when a court finds that the number of hours claimed is unreasonably high, the court may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994). The 20% reduction was a proper procedure, and the magistrate judge's findings are supported by the record.

17

Defendants do not demonstrate to the contrary. The Court declines to award the full amount of the fees as requested by Plaintiff's counsel as the recommended reductions are supported by the record evidence. Accordingly, the Court will adopt Magistrate Judge Flynn's recommendations as to the reasonable hourly rates and the reasonable number of hours expended by counsel.

## IV.    CONCLUSION

After careful consideration of the Report and Recommendation of Magistrate Judge Flynn and Defendants' Objection thereto, in conjunction with an independent *de novo* examination of the file, the Court concurs with the magistrate judge's findings and conclusions of law in the Report and Recommendation, and Plaintiff's Motion for Attorney's Fees and Costs/Expenses will be granted in part. The Court further concludes that Defendants' Objection is due to be overruled.  Accordingly, it is

**ORDERED**:

1.     Defendants' Objection to the Report and Recommendation (Doc. 115) is **OVERRULED**.

2.     The Report and Recommendation entered by United States Magistrate Judge Sean P. Flynn (Doc. 114) is **ADOPTED, CONFIRMED,** and **APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

3.     Plaintiff's Motion for Reasonable Attorney's Fees and Costs/Expenses (Doc. 111) is **GRANTED-in-part** and **DENIED-in-part**.

4.      Plaintiff's motion is granted to the extent that Plaintiff, Michael Tran, is awarded $47,587.60 in reasonable attorney's fees under 29 U.S.C. § 216(b) and $535 in costs under 28 U.S.C. § 1920. In all other respects, Plaintiff's motion is denied.

5.      The Clerk is directed to enter Judgment, consistent with this Order, in favor of Plaintiff, Michael Tran, and against Defendants, Nomad Group LLC, Cristina Chanquin and Sergio Chanquin for Plaintiff's reasonable attorney's fees and costs incurred in the total amount of $48,122.60, as to Count I of the Amended Complaint.

**DONE AND ORDERED** in Tampa, Florida on May 19, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any